**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

AMA DAKEY,

                Plaintiff,

     -against-

DAHLIA, INC. *d/b/a* DAHLIA FLOWERS
*d/b/a* DAHLIA FLOWER SHOP, JOHN
ACKELL, and GEORGE ACKELL,

                Defendants.

Case No.:

**COMPLAINT**

Plaintiff Ama Dakey ("Plaintiff" or "Ms. Dakey"), by her attorneys Hur & Lash, LLP, as and for her Complaint alleges as follows:

## NATURE OF ACTION

1.     This lawsuit seeks to recover minimum wages, overtime compensation, spread of hours payments and statutory penalties under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and the New York Labor Law ("NYLL").

2.     Plaintiff worked as an hourly employee for Defendant Dahlia Flowers from approximately December 2012 to December 2018.

## THE PARTIES

3.     Ms. Dakey is an individual currently residing in the Bronx, New York.

4.     Ms. Dakey was employed by Defendants from in or around December 2012 to December 2018 as a sales employee at Dahlia Flowers located at 43 Grand Central Terminal, New York, New York 10017.

5.     Ms. Dakey is covered employee within the meaning of the FLSA and the NYLL.

6.     Defendant Dahlia, Inc. *d/b/a* Dahlia Flowers, *d/b/a* Dahlia Flower Shop ("Dahlia") is a domestic business corporation organized and existing under the laws of the State

of New York and maintains its principal place of business at 43 Grand Central Terminal, Near Track 40, New York, NY 10017.

7.      Dahlia is owned and operated by John Ackell and his younger brother, George Ackell (collectively, "Ackells").

8.      Dahlia is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

9.      At all relevant times, Dahlia has maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll and other employment practices.

10.     Upon information and belief, Defendant John Ackell ("John") is a resident of the State of New York.

11.     John is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

12.     John is sued individually and in his capacity as an owner, officer and/or agent of defendant Corporation.

13.     At all relevant times, John was one of the founders, owners, and operators of Dahlia.

14.     At all relevant times, John had power over personnel decisions at Dahlia, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

15.     At all relevant times, John had power over payroll decisions at Dahlia, including the power to retain time and/or wage records.

16.     At all relevant times, John was actively involved in managing the day to day operations of Dahlia.

17.     At all relevant times, John had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

18.     At all relevant times, John had the power to transfer the assets and/or liabilities of Dahlia.

19.     At all relevant times, John had the power to declare bankruptcy on behalf of Dahlia.

20.     At all relevant times, John had the power to enter into contracts on behalf of Dahlia.

21.     At all relevant times, John had the power to close, shut down, and/or sell Dahlia.

22.     John was covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, employed and/or jointly employed Plaintiff.

23.     Upon information and belief, Defendant George Ackell ("George") is a resident of the State of New York.

24.     George is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

25.     George is sued individually and in his capacity as an owner, officer and/or agent of defendant Corporation.

26.     At all relevant times, George was one of the founders, owners, and operators of Dahlia.

27.     At all relevant times, George had power over personnel decisions at Dahlia, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

28.     At all relevant times, George had power over payroll decisions at Dahlia, including the power to retain time and/or wage records.

29.     At all relevant times, George was actively involved in managing the day to day operations of Dahlia.

30.     At all relevant times, George had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

31.     At all relevant times, George had the power to transfer the assets and/or liabilities of Dahlia.

32.     At all relevant times, George had the power to declare bankruptcy on behalf of Dahlia.

33.     At all relevant times, George had the power to enter into contracts on behalf of Dahlia.

34.     At all relevant times, George had the power to close, shut down, and/or sell Dahlia.

35.     George was covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, employed and/or jointly employed Plaintiff.

36.     Each Defendant has had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

37.     Upon information and belief, Defendants have had at all relevant times, annual gross volume of sales or business done of at least $500,000.

## JURISDICTION AND VENUE

38.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

39.     This Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29

U.S.C. § 216(b).

40.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

41.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C.

§ 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims

occurred in this district.

## FACTUAL ALLEGATIONS

42.     Ms. Dakey was employed by Defendants from approximately December 2012

to December 2018.

43.     Defendants, however, did not pay Ms. Dakey the minimum wage rate for each

hour she worked and did not pay her the required overtime compensation for all hours she

worked in excess of 40 hours per week.

44.     From the start of Ms. Dakey's employment in or about December 2012 to

December 2015, Defendants paid Ms. Dakey a fixed bi-weekly gross amount of $720.00, for

all hours worked, even if she worked in excess of 40 hours.

45.     Starting in or about January 2016, Defendants informed Ms. Dakey that they

were changing her hourly rate to $10 per hour, but Defendants continued to pay her a gross bi-

weekly wage, of $800.00, only calculating hours up to 40 hours a week even though Ms.

Dakey generally worked 54 hours or more each week, unless she missed time for vacation, sick days, and/or holidays.

46.    The illegal pattern, policy, and practice of not paying overtime compensation continued during years 2017 and 2018, where Ms. Dakey was paid a straight-time pay at a rate of $10.50, but no overtime compensation.

**Failure to Pay Minimum Wage Rate**

47.    Defendants have not paid Ms. Dakey the required minimum wage rate for each hour worked.

48.    Under the applicable NYLL § 652(1) and the supporting regulations of the New York State Department of labor, Defendants paid Ms. Dakey less than the minimum wage.

49.    Defendants' failure to pay Ms. Dakey minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

**Failure to Pay Overtime**

50.    Defendants have not paid Ms. Dakey the proper overtime compensation for all hours worked in excess of 40 hours per week.

51.    It was typical for Ms. Dakey to work for Defendants that regularly exceeded 40 hours per week.  For example, although Ms. Dakey was scheduled to work from 7 A.M. to 3 P.M., with one 30-minute break for lunch, she was frequently requested to work until 7:30 P.M, total of 12 hours.  However, no payment was made for the 4 hours of overtime.

52.    From December 2012 to January 2016, although Ms. Dakey was requested to work 12 hours a day, at least 3 days a week, Defendants failed to pay Ms. Dakey the required overtime.

53.     Ms. Dakey was not paid overtime wages for any of these work weeks, despite the pay stubs provided to her by Defendants clearly showing that she worked in excess of 40 hours per week.

54.     Under the applicable NYLL regulations, 12 N.Y.C.R.R. § 142-2.2, Defendants were required to pay her at least one and a half times the basic minimum hourly rate for each hour worked in excess of 40 hours workweek.

55.     Defendants have consistently directed Ms. Dakey to work over 40 hours per week.  During such workweeks, Defendants have not compensated Ms. Dakey with an overtime premium of one and a half times the regular hourly rate of pay for all of the overtime hours she worked, but have provided her with a fixed gross weekly salary of $720.00, after which taxes were deducted.

56.     The overtime violations detailed above are evident from the payroll account records in both Ms. Dakey's and Defendants' possession.

57.     Defendants' failure to pay Plaintiff the overtime compensation required by FLSA and NYLL were willful, and Defendants' unlawful conduct occurred pursuant to a uniform corporate policy, procedure, and practice of minimizing labor costs by denying Plaintiff compensation in violation of FLSA and NYLL.

**Failure to Pay Wages Promptly**

58.     FLSA requires that wages be promptly paid and that they not be unreasonably delayed.

59.     NYLL § 191(1)(a)(i) requires that Plaintiff be paid weekly and that those wages be paid not later than 7 days after the end of the week in which the wages are earned.

60.     However, Defendants' payroll practice was to pay its employees, including Plaintiff, every other Wednesday.  On each payday, Plaintiff was provided with paychecks that covered a two-week pay period.  Thus, Defendants' pattern, policy, and practice was to pay their employees 18 calendar days, after the end of the week in which the wages were earned.

61.     Defendants' failure to promptly pay Plaintiff was willful, unreasonable, and upon information and belief was motivated by illegitimate business purposes, including Defendants' desire to hold onto its employees' wages for a longer period of time instead of paying promptly as required under the FLSA and NYLL.

**Wage Theft Prevention Act Violation**

62.     Defendants failed to provide Plaintiff with accurate wage statements, which are required by NYLL, Article 6, § 195(3).  For example, Ms. Dakey's wage statements did not reflect the overtime rate or rates of pay or the number of overtime hours worked.

63.     Defendants have failed to furnish Plaintiff with a proper or accurate statement with every payment of wages and with an accurate annual wage notice as required by NYLL, Article 6, § 195(1).

## <u>FIRST CAUSE OF ACTION</u>
### Fair Labor Standards Act – Overtime Wages

64.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

65.     Defendants have engaged in a widespread policy, procedure, and practice of violating the FLSA, as detailed in this Complaint.

66.     At all relevant times, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. §§ 201 *et seq.*

67.     At all relevant times, Defendants were employers of Plaintiff, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

68.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protect Plaintiff.

69.     Defendants have failed to pay Plaintiff overtime compensation at a rate of time and one-half her regular hourly wage rate for all hours worked in excess of 40 hours per workweek.

70.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

71.     Because Defendants violation of the FLSA has been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

72.     As a result of Defendants' violation of the FLSA, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Failure to Pay Wages Timely

73.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

74.     The FLSA mandates that wages be promptly paid in full and on time, and payment not unreasonably delayed.

75.     In violation of the FLSA, Defendants have engaged in a widespread policy, procedure, and practice of failing to promptly pay Plaintiff.

76.     Defendants' unlawful conduct has been willful and intentional.  Defendants were aware or should have been aware that their practices with respect to the compensation of Plaintiff were unlawful.

77.     Because Defendants' violation of the FLSA has been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

78.      Defendants have not made a good faith effort to comply with the FLSA's timely payment requirement.

79.     As a result of Defendants' unlawful acts, Plaintiff has been deprived of compensation in amounts to be determined at trial and is entitled to recovery of such amounts as well as liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

### THIRD CAUSE OF ACTION
### New York Labor Law – Overtime Wages

80.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

81.     Defendants have engaged in a widespread policy, procedure, and practice of violating the NYLL, as detailed in this Complaint.

82.     At all times relevant, Plaintiff was an employee of Defendants, and Defendants were employers of Plaintiff within the meaning of the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

83.     At all times relevant, Plaintiff has been covered by the NYLL.

84.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff.

85.     Defendants have failed to pay Plaintiff overtime wages to which she was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

86.     Defendants have failed to pay Plaintiff overtime at a rate of time and one-half her regular hourly rate for all hours worked in excess of 40 hours per workweek.

87.     Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff.

88.     Through their knowing and intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

89.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid overtime wages, liquidated damages, as provided by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interests.

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Proper Annual Wage Notices**

90.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

91.     Defendants have willfully failed to furnish with annual wage notices as required by NYLL, Article 6, § 195(1).

92.     Through their knowing or intentional failure to provide Plaintiff with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor regulations.

93.     Due to Defendants' violations of the NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of $50 for each workweek that Defendants failed to provide Plaintiff with proper annual wage notices, or total of $5,000 each, plus reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided by NYLL, Article 6, § 198(1-b).

### FIFTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Proper Wage Statements**

94.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

95.     Defendants have willfully failed to furnish Plaintiff with a statement with every payment of wages, as required by NYLL, Article 6, § 195(3) indicating, among other things, the overtime rate or rate of pay and the number of regular and overtime hours worked.

96.     Through their knowing or intentional failure to provide Plaintiff with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

97.     Due to Defendants' violations of the NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of $250 for each workweek that Defendants failed to provide Plaintiff with proper wage statements, or total of $5,000 each, plus reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided by NYLL, Article 6, § 198(1-d).

## SIXTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide "Spread of Hours" Pay

98.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

99.     The Spread of Hours provision of Title 12 NYCRR Part 142, including 12 NYCRR § 142-2.4, applies to Defendants, and Defendants were required to pay an additional hour for any split-shift or day in which the employees' spread of hours exceed 10 hours.  The relevant spread is the interval between the beginning and end of employees' workday, including all working time, plus time off for meals plus intervals off-duty, as defined by 12 NYCRR § 142-2.18.

100.    Plaintiff regularly worked more than 10 hours per day, and Defendants have failed to pay Plaintiff the Spread of Hours pay.

101.    Through their knowing or intentional failure to provide Plaintiff the Spread of Hours and/or split-shift pay, Defendants have willfully violated the New York Labor Law, including NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

102.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records, including hours worked each workday and total hours worked each workweek, as required by NYLL, Article 6, § 195(4) and its supporting regulations.

103.    Due to Defendants' willful violations of the NYLL, Article 6, §§ 195 *et seq.*, Plaintiff is entitled to recover from Defendants their earned spread of hour and/or split-shift wages earned and due during the six years immediately preceding the filing of this lawsuit, as well as liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**SEVENTH CAUSE OF ACTION**
**New York Labor Law – Violation of Timeliness and Frequency of Pay**

104.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

105.    Plaintiff is a manual worker within the meaning of NYLL, Article 6, § 191(1)(a)(i), which require employees to be paid weekly and not later than 7 calendar days after the endo the week in which the wages are earned.

106.    Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor regulations, Plaintiff is entitled to recover from Defendant damages for late payments of wages in the amount of liquidated damages equal to 100 percent of all late payments, plus reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, as provided by NYLL, Article 6, § 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court issuing an Order and Judgment in her favor granting the following relief:

A.    Awarding unpaid overtime compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

B.    Awarding unpaid overtime compensation and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

C.    Awarding statutory penalties of $50 for each workweek that Defendants failed to provide Plaintiff with proper annual wage notices, or a total of $5,000 each, as provided by NYLL, Article 6, § 198(1-b);

- 14 -

D.      Awarding statutory penalties of $250 for each workweek that Defendants failed to provide Plaintiff with proper wage statements, or a total of $5,000 each, as provided by NYLL, Article 6, § 198(1-d);

E.      Awarding back pay for spread of hours and split-shift paid owed to Plaintiff for spread of hours, as provided by 12 NYCRR § 142-2.4;

F.      Awarding statutory damages for late payments of wages in the amount equal to 100 percent of all late payments, as provided by NYLL, Article 6, §§ 191(1)(a)(i) and 198;

G.      Awarding pre-judgement and post-judgment interest;

H.      Declaring that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, Article 6, §§ 650 *et seq.*, and supporting New York State Department of Labor Regulations;

I.      Awarding reasonable attorneys' fees and costs of the action; and

J.      Granting such other relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.


Dated: New York, New York
       October 11, 2019

                                        HUR & LASH, LLP


                                        By: _____
                                            Scott K. Hur
                                            Robert L. Lash
                                            *Attorneys for Plaintiff*
                                            390 Fifth Avenue, Suite 900
                                            New York, NY 10018
                                            (212) 468-5590
                                            (212) 468-5599 (fax)
                                            shur@hlnylaw.com
                                            rlash@hlnylaw.com

- 15 -