UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMA DAKEY,

                            Plaintiff,

            -against-

DAHLIA, INC. d/b/a DAHLIA FLOWERS d/b/a
DAHLIA FLOWER SHOP, JOHN ACKELL, and
GREG ACKELL,

                            Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/17/2020
```

19 Civ. 9445 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

        Plaintiff, Ama Dakey, brings this action against Defendants, Dahlia, Inc., John Ackell, and Greg Ackell, for, *inter alia*, unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New York Labor Law ("NYLL"), § 190 *et seq.* ECF No. 13. Having reached a settlement, the parties seek the Court's approval of their proposed agreement. *See* Letter, ECF No. 26. For the reasons stated below, the motion to approve the settlement agreement is GRANTED, and the request to refer the case for further settlement discussions is DENIED.

## DISCUSSION

I.      Legal Standard

        The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

        In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award.  *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013).  "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'"  *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)).  Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done."  *Id.* (citation omitted).

II.   <u>Analysis</u>

The proposed settlement provides Plaintiff with a recovery of $44,000 to be allocated as follows: $28,776 to be paid to Plaintiff; and $14,666 to be paid to Plaintiff's counsel in attorney's fees, plus expenses, in the amount of $558. Settlement Agreement and Release ("Settlement") § 1, ECF No. 26-2; *see also* Letter at 3, 5.  Plaintiff's counsel reviewed more than five years of Plaintiff's paystubs and calculated her possible maximum recovery to be approximately $55,345, excluding attorney's fees and costs.  Letter at 3.  The parties acknowledge, however, that as Defendants dispute Plaintiff's allegations and deny any liability, Plaintiff's maximum recovery could be a nominal amount.  *Id.*  Additionally, the parties state that they engaged in arms-length bargaining, and there is no evidence of fraud or collusion.  *Id.* at 4–5.  The Court concludes, therefore, that the Settlement satisfies each of the *Wolinsky* factors.

In addition, the release provision in the Settlement is not overly broad, as it releases Defendant from "all FLSA and NYLL claims that were asserted or could have been asserted by Plaintiff . . . in the [a]ction." Settlement § 4.  The Settlement also contains no confidentiality provision.  It does, however, contain a mutual non-disparagement provision.  *See* Settlement § 7.  "Courts in this District have held that while not all non-disparagement clauses are *per se* objectionable, if the provision would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (internal quotation marks and citations omitted).  The mutual

disparagement clause here includes such a carve-out.  *See* Settlement § 7 ("Nothing contained in this paragraph shall in any way restrict Plaintiff from truthfully discussing her experience litigating her FLSA and NYLL wage-hour claims in this [a]ction.").  Such provisions have been approved by courts in this district.  *See Sadana v. Park Li, Ltd.*, No. 15 Civ. 8772, 2016 WL 659110, at *1–2 (S.D.N.Y. Feb. 17, 2016) (approving mutual non-disparagement clause in a FLSA settlement agreement); *Caprile v. Harabel Inc.*, No. 14 Civ. 6386, 2015 WL 5581568, at *1 (S.D.N.Y. Sept. 16, 2015) (same).  The Court is, therefore, satisfied that the release provision is acceptable.

Turning to attorney's fees, Plaintiff's counsel seeks a fee of one-third of the settlement proceeds, in the amount of $14,666.00, plus expenses in the amount of $558.00 (reflecting court filing fees, service of process fees, and copying costs), totaling $15,224.00.  Letter at 5.  The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [his] counsel."  *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 121 (2d Cir. 2005).  Contingency fees of one-third in FLSA cases are routinely approved in this Circuit.  *Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases).  As a check on the reasonableness of attorney's fees, however, courts still calculate the total cost of attorney's hours billed, previously known as the lodestar method.  *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *23 (S.D.N.Y. Feb. 1, 2010).

Plaintiff's counsel's lodestar calculation is $16,240 in attorney's fees and $558.00 in costs.  Letter at 5.  The two attorneys representing Plaintiff, Robert Lash and Scott Hur, billed 40.6 hours at a rate of $400 per hour.  *See* Lash Decl. ¶¶ 3–6, ECF No. 26-1.  The requested award is $14,666—approximately 0.9 times the lodestar amount.  In other words, Plaintiff's counsel will recover an award of attorney's fees that is less than the lodestar amount.  Courts in this district have found similar awards to be fair and reasonable.  *See Reinoso v. Cipriani*, No. 17 Civ. 8509, 2019 WL 2324566, at *3 (S.D.N.Y. May 30, 2019) ("Given that the proposed attorney['s] fees represent approximately one-third of the total settlement amount, and are significantly less  than the proffered lodestar amount—which militates in favor of finding the requested amount reasonable—I find the fees contemplated in the [s]ettlement [a]greement to be fair and reasonable."); *see also Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302, 2019 WL 95638, at *3 (S.D.N.Y. Jan. 2, 2019) ("Courts in this District have concluded that a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases.") (collecting cases) (internal quotation marks and citation omitted).  Thus, given that the attorney's fees represent approximately one-third of the total recovery amount, and are less than the lodestar amount, the Court finds that the requested award of attorney's fees and costs is within a reasonable range given the risk of taking on a contingent fee case and the substantial success obtained in this case.

III.    Referral of the Case for Further Settlement Discussions

By letter dated April 3, 2020, after the settlement agreement was fully executed, Defendants informed the Court that in light of the coronavirus pandemic, it was impossible for Defendants, a flower shop, to abide by the financial terms of the proposed settlement.  ECF No.

28 at 1.  Defendants requested that the Court assign the matter to a magistrate judge for the purposes of a settlement conference or direct the parties to participate in the district's mediation program to assist the parties in renegotiating the agreement.  *Id.*  Plaintiff objects and argues that the parties have "already entered a settlement agreement that represented a reasonable compromise of Plaintiff's claims," and that although she appreciates "the issues raised by the coronavirus-related restrictions, this matter concerns wages that should have been paid by Defendants years ago."  ECF No. 29 at 1.  Although the Court is cognizant of the financial disruption caused by the COVID-19 crisis, the Court cannot suggest that a fully negotiated and executed agreement is not binding on the parties.

Accordingly, Defendants' request that the Court refer this matter to a magistrate judge or the Court's mediation program is DENIED.

## CONCLUSION

The parties' motion for settlement approval is GRANTED.  The Clerk of Court is directed to terminate the motion at ECF No. 28, and close the case.

SO ORDERED.

Dated: April 17, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge

4